IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLADGER ROSS,<br><br>Defendant. | No. CR05-3006-LLP<br><br>**ORDER** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 240). The defendant filed such motion on April 20, 2010. Additionally, the defendant filed a supplement or addendum (docket no. 248) on October 12, 2010.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Given the record, the court concludes that it

need not appoint counsel or conduct a hearing with respect to the defendant's motion under 18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

Although the defendant does not specifically reference Amendment 750 (Parts A and C only), the court assumes that the defendant intends to rely on such amendment because: (1) judgment entered against him on April 10, 2008 or after the effective date of Amendment 706 and (2) he references a lower ratio that he believes should be used for cocaine base ("crack") offenses. Amendment 750 (Parts A and C only) amends USSG §1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to crack offenses, and it set November 1, 2011 as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG §2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG §2D1.1. Part C deleted the cross reference in USSG §2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG §2D1.1.

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

2

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range . . ."). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). At his re-sentencing hearing, the court held the defendant accountable for just under 3.5 kilograms of powder cocaine.[1] Amendment 750 (Parts A and C only) addresses crack, not powder cocaine. Because Amendment 750 (Parts A and C only) does not effect the defendant's guideline range, the defendant is not entitled to a reduction of

---

[1] The court notes that it referenced 332.525 grams of powder cocaine and crack, split such quantity 50/50 and applied a 20:1 ratio to the crack. Given such quantities, the amended guideline range is the same as the original guideline range. *See* USSG §2D1.1. The marihuana equivalency for 166 grams of crack is 592.8 kilograms and the marihuana equivalency for 166 grams of powder cocaine is 33.2 kilograms. *Id.* 626 kilograms of marihuana still falls within offense level 28. *Id.* So, even if the court attributed crack to him, the defendant is not entitled to a reduction of his sentence under 18 U.S.C. § 3582(c)(2). *See* USSG §1B1.10(a)(2)(B) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); USSG §1B1.10, comment. (n.1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range).

3

his 140 month term of imprisonment.[2] Accordingly, the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 122) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:

BY: s/Karen S Yorgensen
DEPUTY

---

[2] Based on a total adjusted offense level of 28 and a criminal history category of VI, the court previously determined the defendant's guideline range to be 140 to 175 months imprisonment. The court sentenced the defendant to 140 months imprisonment on count 1 through 7 of the indictment.

4